Opinion of the Court.
Walter Beall, in his lifetime, recovered judgment against Owings for five thousand dollars, with *258 interest thereon from the 18th of June 1804, until paid, and costs. Walter Beall afterwards departed this life, and Norborne B. Beall, as his administrator, sued out a scire facias to have execution on the judgment against Owings. Various pleas and demurrers were filed by the parties ; but finally they were all withdrawn but one plea, wherein Owings alleges that Norborne B. Beall was not the administrator of Walter Beall at the time of commencing the scire facias against him. Issue was taken to this plea, and it being found for Beall, judgment was rendered by the court, that Beall have execution against Owings for the sum of five thousand dollars, the debt in the scire facias mentioned, and one penny in damages, with interest thereon at the rate of six per centum per annum, from the 18th day of June 1804, until paid, and costs. To reverse that judgment, Owings has appealed to this court.
Statement of the case.
Where the defendant, after motion for a continuance has been overruled, withdraws the pleas, to enable him to support which, he asked for a continuance, he cannot avail himself of any error the court may have committed, in overruling his motion for a continuance.
*258 The assignments of error are various, and such of them alone, will be noticed by the court, as are not incompatible with the record, and were relied on by the counsel of Owings in argument.
It was contended, that the scire facias is erroneous—1st, In not making profert of the letters of administration granted to Norborne B. Beall ; and 2dly, in failing to show that the judgment recovered by Walter Beall is of record and in force, and in failing to refer to the judgment.
It is evident, however, neither of these objections can avail Owings. We have been unable to find any case or dictum, tending to support either of the objections taken to the scire facias, and the most approved precedents accord, substantially, with the scire facias in question. None of the precedents contain a profert of the letters of administration, and they all, as this scire facias has done, allege the judgment, sought to be revived, to have been recovered in a court of competent jurisdiction, and without averring the judgment to be in full force and unsatisfied, suggest that execution thereof still remains to be made, &c.
1. It is also contended, that the court erred in refusing to continue the cause at the instance of Owings. To this it may, however, be answered, that no exceptions were taken to the court’s refusal to continue the cause; and without an exception, the decision on that *259 subject cannot be revised by this court. But had an exception been taken, still, under the circumstances of this case, it would be improper to decide on the correctness of the continuance; for after the continuance was refused, Owings obtained leave of the court, and withdrew the pleas, to enable him to support which, his application was made for a continuance; and after a party, by his own voluntary act, changes the attitude of his cause, a judgment against him should never be reversed for a previous error in the court’s refusing him a continuance.
A transcript of the order of the county granting administration, with the will annexed, is prima facie, evidence as well of the jurisdiction of the court, as of the facts stated in the order.
Where issue is joined, on a plea denying that the plaintiff is administrator, proof that he is administrator, with a will annexed, supports the issue on the part of the plaintiff.
It is, moreover, objected, that a new trial of the issue should have been awarded, on the ground of the finding of the jury being against evidence.
2. The plaintiff in the scire facias, after introducing in evidence the record of the judgment sought to be revived, introduced a certified transcript of the order of the Nelson county court, granting administration of the estate of Walter Beall, deceased, with his will annexed, to the plaintiff, Norborne B. Beall; and the objection to the finding of the jury is taken on the supposition that proof should have been made by the plaintiff, that the county court of Nelson was the proper court to grant the administration, and on the supposition that proof of his being administrator with the will annexed, did not support the issue taken on the fact of his being administrator.
It certainly cannot have been important, on the trial of the issue joined between the parties, whether the plaintiff was proved to be administrator with or without the will annexed. The fact in issue was simply, whether or not he was administrator ; and if he were proved to be administrator, though with the will annexed, the issue on his part was unquestionably supported, and the verdict was correctly found for him. And that the evidence introduced by the plaintiff was sufficient to prove him the administrator of Walter Beall, we apprehend, admits of no reasonable doubt. Under the laws of this country, the evidence introduced by the plaintiff is entitled to as much weight as though formal letters of administration had been produced ; and it is believed, that the annals of jurisprudence furnish no instance, where, in the absence of all other evidence, letters of administration have been told insufficient to prove that the person to whom *260 granted, is administrator. They may not be, and we would not be understood as deciding that they are, conclusive evidence on the trial of an issue, such as that made up by the parties in the present case; but they are prima facie evidence, and, until repelled by extraneous evidence, sufficient to authorise a finding of the fact of the person to whom granted, being administrator. Indeed, if granted by a court of competent jurisdiction, letters of administration would be conclusive evidence; but they might be forged, or granted by a court possessing no jurisdiction of the subject; and consequently, the defendant to an action brought in the name of a person claiming to be administrator, ought to be permitted to defend the action, by showing those matters in avoidance of the letters of administration. Accordingly, it is said, that “where an inferior court grants probat, it may be proved that the testator left bona notabilia ; for that shows that the ecclesiastical court had no jurisdiction, and consequently, that the whole is void, as being coram non judice.”—Peake’s Ev. 71. But until such proof, or other of like effect, we apprehend, the probat is prima facie evidence of the person named as executor, being the legal executor of the testator.
It results, that the court below correctly refused to grant a new trial, and that the judgment must be affirmed with costs and damages.